NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1802
_____

TYRONE RAEFORD
                                    Appellant
                    v.

LINDA WILLIAMS; JOSEPH ONUOHA; ESSEX COUNTY SHERIFF'S OFFICE;
PROBATION DIVISION, CHILD SUPPORT ENFORCEMENT, CHANCERY
DIVISION, FAMILY PART OF ESSEX COUNTY SUPERIOUS COURT; FRANKLIN
TOWNSHIP POLICE DEPARTMENT; SGT. PHILLIP RIZZO;
CRAIG R. NOVIK, Police Chief; JOHN DOES;
ESSEX COUNTY; SOMERSET COUNTY;
ESSEX COUNTY CORRECTIONAL FACILITY; JANE BOZINOVSKI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-01314)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)

December 21, 2012

Before: MCKEE, Chief Judge, SLOVITER, and VANASKIE, Circuit Judges

(Filed: January 9, 2013)

_____

OPINION

_____

SLOVITER, Circuit Judge.

Tyrone Raeford ("Raeford") appeals from the District Court's grant of summary judgment against him on his claim that Jane Bozinovski ("Bozinovski") violated his Fourth and Fourteenth Amendment Rights.[1]

I.

In August 2008 a bench warrant was issued for Raeford's arrest after he failed to appear at a child support hearing in Essex County, New Jersey.[2] The warrant was entered into the Essex County Probation Department's Automated Child Support Enforcement System ("ACSES") database. Although the Essex County Sheriff's Department ("Sheriff's Department") was responsible for executing the warrant, its computer system did not interface with ACSES; the warrant therefore needed to be entered into its system manually. The Family Division of the Essex County Court was responsible for sending the warrant to the Sheriff's Department.

On September 10, 2008, Raeford came to the Probation Department to address his outstanding bench warrant. Jane Bozinovski ("Bozinovski"), who was working at the Probation Department desk, first sent Raeford to be processed by the Sheriff's

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment, and we apply the same standard applicable in the District Court. *See Doe v. C.A.R.S. Prot. Plus, Inc.,* 527 F.3d 358, 362 (3d Cir. 2008). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

[2] Because this is a motion for summary judgment, we view the facts in this case in the light most favorable to Raeford, the non-moving party. *See Doe*, 527 F.3d at 362.

Department.   After returning, Raeford informed Bozinovski that the Sheriff's Department could not find a warrant on file for him, even though he had asked them to check twice.   Bozinovski next brought Raeford before a judge, who vacated his warrant. She then entered the order vacating the warrant into ACSES and a warrant database used by the Family Division.   The computer system generated three forms; Bozinovski printed the two forms that reinstated Raeford's drivers license, but did not print the "Notice to Vacate /Amend Bench Warrant" that could have been provided to the Sheriff's Department.  App. at 76.

Although Raeford's warrant had been vacated in ACSES, it had not been vacated in the Sheriff's Department computer system.   When New Jersey police stopped Raeford for a traffic violation on Friday, December 19, 2008, they arrested him on the already vacated bench warrant.   Because it was a Friday, Raeford spent the weekend in jail.  On Monday, Raeford was transferred to Essex County Jail.  On Tuesday,  Bozinovski, who happened to be working at the Probation Department, reviewed the list of people in custody who were to be brought to court and discovered that Raeford was in custody even though his warrant had been vacated.   She informed her supervisor, who told her to fill out paperwork so that Raeford could be released.  Raeford was released at 11:30 pm on December 23, approximately twelve hours after Bozinovski realized that he was being improperly held in custody.

Raeford filed a complaint under 42 U.S.C. § 1983, alleging that Bozinovski and others had violated his Fourth and Fourteenth Amendment rights.  After Raeford's claims against the other defendants were either settled or dismissed, Bozinovski filed a motion

3

for summary judgment based on qualified immunity. The District Court granted

Bozinovski's motion, and Raeford appealed.

II.

Raeford claims that Bozinovski violated his constitutional rights by failing to

ensure that the Sheriff's Department knew that his warrant was vacated and by not

releasing him from custody expeditiously. Bozinovski argues that qualified immunity

protects her from both claims. Qualified immunity shields public officials performing

discretionary functions from liability as long as their conduct does not violate a

constitutional right that was clearly established at the time of the violation. *See Curley*

*v.Klem,* 298 F.3d 271, 277 (3d Cir. 2002). [3]

Raeford alleges that Bozinovski violated his Fourth Amendment right to be free

from unreasonable seizure by failing to secure his prompt release from custody.

Bozinovksi is entitled to qualified immunity on this count because she took steps to

secure Raeford's release as soon as she realized he was in custody based on a vacated

warrant. Nothing in the record suggests that she could have done more to expedite

Raeford's release. Raeford also alleges that Bozinovski violated his Fourth and

Fourteenth Amendment rights by failing to ensure that his warrant was vacated in the

Sheriff's Department computer system. Bozinovski is entitled to qualified immunity on

---

[3] Raeford's argument that Bozinovski was performing a non-discretionary function is meritless. *See Davis v. Scherer*, 468 U.S. 183, 196 n.14 (1984) ("A law that fails to specify the precise action that the official must take in each instance creates only discretionary authority.").

4

the Fourth Amendment claim because she did not intend to cause Raeford's arrest. *See Berg v. Cnty. of Allegheny*, 219 F.3d 261, 274 (3d Cir. 2000) (per curiam).

We have yet to determine whether a Fourteenth Amendment claim is appropriate when a defendant does not intentionally cause a plaintiff to be seized but is responsible for the seizure. *See Berg*, 219 F.3d at 274. We need not decide that issue here, because Bozinovski's conduct would not meet the standard for "deliberate indifference" that is required to demonstrate a violation of the Fourteenth Amendment. *See id.* Bozinovski may have known about the discrepancies between ACSES and the Sheriff's computer system, but the Sheriff's Department was responsible for monitoring the differences between the two systems, and for checking outstanding warrants in ACSES before making arrests. Bozinovski's conduct was, at most, negligent and was therefore insufficient to establish a violation of the Fourteenth Amendment. *See id.*

Because Bozinovski did not violate Raeford's constitutional rights, she is entitled to qualified immunity.

III.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of Bozinovski.